IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CAUSE NO. 4:13CV485 |
| RHONDA SEXTON AND ALL OCCUPANTS OF 981 WOODVIEW DR., PROSPER, TEXAS 75078 | § § § § § | |
| Defendants. | § § | |

## **REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Having reviewed the record in this case, the Court finds that this matter should be REMANDED.

### BACKGROUND

This is a removal filed by Defendants Rhonda Sexton and Scott Scher. According to the state court record offered by Defendants, this forcible detainer suit was originally filed by Deutsche Bank in the Justice of the Peace Court, Precinct 4, Place 1, Collin County on May 10, 2013. On May 22, 2013, Defendants filed a Motion to Dismiss or in the Alternative, Plea in Abatement and Original Answer in the Justice of the Peace matter, and Plaintiff filed a response. According to the state court records attached, it also appears that in June and July 2013, Defendants negotiated with Plaintiff the continuance and scheduling of the eviction hearing. Ultimately, a hearing was held in the forcible detainer action, both sides were represented by counsel, and a Judgment of Possession was entered *in favor of Defendants* in the Justice of the Peace case on July 31, 2013. *See* Dkt. 1-2 at 75. On

1

August 5, 2013, Plaintiff Deutsche Bank filed its Notice of Appeal to the County Court of Law.

Then, on August 23, 2013, Defendants removed the matter to this Court, arguing the Court has diversity jurisdiction over Plaintiff's request for possession of the Property. As set forth below, the Court finds that the case should be remanded.

## STANDARD

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

## ANALYSIS

Defendants' removal fails for various reasons, and remand is mandatory here. First, Defendants' removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule." Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants are Texas residents, having listed the address for the Property at issue as their address herein. *See* Dkt. 1 at ¶12.

Second, the notice of removal – filed on August 23, 2013 – was filed more than 3 months after Defendants were served with the state court action. This well exceeds the 30-day limit set forth under 28 U.S.C. § 1446(b).

The Court also notes that, by appearing in the eviction suit and participating through counsel at the final hearing, Defendants availed themselves of the mechanisms of the state courts and waived their right to remove the action to federal court. *Brown v. Demco, Inc.*, 792 F. 2d 478, 481 (5th Cir. 1986). They cannot now come to this Court for relief.

More importantly, even if the removal were not waived or procedurally or otherwise defective, there does not appear to be any valid basis for federal jurisdiction here. Defendants removed this case based on diversity of the parties under 28 U.S.C. § 1332. Suits are removed on the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendants have not shown that the amount in controversy exceeds $75,000. Defendants argue that the amount in controversy exceeds $75,000 because the fair market value of the Property exceeds $75,000, however, a forcible detainer action only seeks *possession* of Property. Ownership of the home is not a matter in controversy in an eviction suit. As one Texas Court of Appeals noted:

> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also*

3

*Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").

Finally, although the reasoning behind the Justice of the Peace's judgment in Defendants' favor is not set forth on the record, Defendants argue that the Justice of the Peace Court found that it lacked jurisdiction over any claims regarding Plaintiffs' challenge to propriety of the foreclosure on the Property – a matter which has been raised in a suit pending before this Court, *Scher et. al. v. Deutsche Bank Trust Company Americas as Trustee for RALI 2006 QS14, et al.*, Cause No. 4:13-cv-00203-RAS-DDB. Defendants appear to argue that because their theory of the case in the related federal suit is that title to the Property remains with them and because the state court lacks subject matter jurisdiction over their claims in the federal suit, removal is proper. There is no case law or authority that would make *removal* of an eviction suit proper based on the existence of a related case pending in federal court.

Nothing about the state law forcible action appears to raise issues of federal law, therefore, there was no federal subject matter jurisdiction upon which to base removal under, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.* Whether the federal suit must be resolved before the question of possession can be adjudicated – as Defendants argue – is not a legal grounds for removal and not for this Court to determine.

Defendants have the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). They have not done so, and given the record here, cannot do so. They are forum defendants, their conduct in the state court

4

action (which they were served with approximately 3 months prior to removal) waived any rights to removal, and the amount in controversy does not meet the jurisdictional requirements. Removal was improper and the case must be remanded.

**Recommendation**

It is, therefore, recommended that this case be remanded to the County Court at Law #3, Collin County, Texas for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 26th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE